**Skelly v. Skelly**

C.P. of Dauphin County, no. 3188 S 1996.

*Marilyn C. Zilli,* for defendant.
*Martin Miller,* for plaintiff.

CLARK, *J.,* February 21, 1997—Defendant/petitioner, Joseph G. Skelly, has presented the court with a petition for an order directing plaintiff/respondent, Barbara O. Skelly, to file a consent to divorce. Based on the following reasons, the petition is granted. Mrs. Skelly shall file an affidavit of consent or suffer a dismissal of her action.

Respondent filed a complaint in divorce on July 3, 1996 alleging that her marriage with petitioner was

irretrievably broken. She requested that the court enter a decree in divorce to dissolve the marriage. Petitioner agrees that reconciliation is not an option and is willing to sign an affidavit of consent in accordance with section 3301(c) of the Divorce Code. To date, however, respondent has failed to file her consent and has expressed her intent not to file such a document.

At respondent's request, the court appointed a master who will hear her claim for alimony pendente lite on March 3, 1997. As deemed necessary, other outstanding issues relating, but not limited to, the equitable distribution of the marital assets will also be presented to the master.

It appears to this court that there is no statutory authority which expressly prohibits it from ordering a plaintiff to file a consent or suffer a dismissal of the divorce action. Therefore, the rulings of courts in other jurisdictions must be examined.[1] We are persuaded by the line of decisions wherein the court ordered the plaintiff to either advance the action and file a consent or suffer a dismissal. *Rueckert v. Rueckert,* 20 D.&C.3d 191 (1981); *Way v. Way,* 35 D.&C.3d 653 (1985); *Burk v. Burk,* 38 D.&C.3d 558 (1986); *Mellot v. Mellot,* 1 D.&C.4th 618 (1988). The facts presented in these cases are all substantially similar to those currently before this court. In each action, the plaintiff filed a complaint in divorce, but refused to file an affidavit of consent beyond the 90-day period following the filing of the complaint. In every complaint, the plaintiff alleged that the marriage was irretrievably broken. The courts consistently ruled that the plaintiff must file an affidavit of consent within a specified time frame or suffer the consequences of a dismissal.

---

1. Our research of the law did not reveal any Pennsylvania appellate court decisions addressing the issue presented herein.

In *Rueckert,* the court refused to allow the plaintiff to wait three years and receive a unilateral divorce under section 3301(d) of the Divorce Code, which requires no mutual consent. It held that a plaintiff who alleges irretrievable breakdown must be prepared to proceed within the minimum time permitted under applicable statute and rule. In the alternative, if the plaintiff desires to obtain a divorce pursuant to section 3301(d), the court ruled that she must do so without receiving any benefits, such as alimony pendente lite, while the action is pending. The court reasoned that the plaintiff should not be permitted the benefits of a law whose spirit she is defying. The plaintiff was ordered to file an affidavit of consent or suffer a dismissal of her action and termination of the award for alimony pendente lite.

Likewise, in *Way,* the plaintiff was required to file an affidavit of consent to maintain her action in divorce. Since the plaintiff in that case had not requested any means of support, the court focused primarily on the delay caused by plaintiff's inaction. It stated that the courts, who have the responsibility of encouraging the speedy resolution of actions in an efficient manner, should not tolerate delay, especially in a divorce proceeding. The intent of the ruling in *Way* was to prevent one spouse from using a delay to gain an economic advantage over the other spouse through an award of support or negotiations involving the equitable distribution of marital assets. The court concluded by commenting that the integrity of the court system would not be maintained, if it were to permit a party, who has already admitted an irretrievable breakdown of marriage, to delay the divorce proceedings without sufficient reason.

Moreover, the court in *Burk* relied upon the reasoning in *Rueckert* and *Way* to support its ruling, which ordered

plaintiff to file an affidavit of consent or have her action dismissed and award of alimony terminated. It focused on the obligation of the court to prevent further delay and expeditiously resolve divorce actions. The court cautioned that "[p]laintiff must not be permitted to abuse the judicial process nor to employ economic extortion against defendant by imposing an interminable obligation to pay alimony pendente lite or threaten continuously the use of the court's equitable powers." *Burk, supra* at 562.

Finally, the court in *Mellot* cited *Way* and *Rueckert* in support of its order directing the plaintiff to file an affidavit of consent to divorce or face a dismissal of her action.

In support of her position, respondent has cited *Armstrong v. Armstrong,* 34 D.&C.3d 571 (1985) and *Norris v. Norris,* 10 D.&C.4th 207 (1991). However, the circumstances present in these decisions are factually inapposite to those at hand and contained in the authority previously cited herein. In both *Armstrong* and *Norris,* it was the *defendant* who refused to file the affidavit of consent. The circumstances before us involve a plaintiff who will not consent. Therefore, the basis for denying the petitioner's relief in those actions is not persuasive in resolving the dispute before us.

Accordingly, the following is entered:

## ORDER

And now, February 21, 1997, the petition for order directing plaintiff to file an affidavit of consent is granted, to the extent that plaintiff shall file an affidavit of consent to divorce pursuant to section 3301(c) of the Divorce Code within five days of the date of this order or suffer a dismissal of the complaint.